## POTTER v. EAMES et al.

(Supreme Court, Equity Term, Erie County. December, 1910.)

1. Trusts (§ 159*)—Construction—Trusts.

A will appointed testator's son and daughter, or the survivor of them, executors and trustees, and gave them the residuary estate in trust, to divide it as nearly as might be into equal portions, one for each of his children, the trustees. They were directed to collect and pay to the son for his use the income on one of the shares for life, and, if necessary for support of himself and family, to pay him sufficient of the principal for such purpose. Upon the son's death, the remainder of his share was to be divided equally among his six children, but the will did not provide who should make the division. The executors were directed to pay to testator's daughter the income on her share for life, and, if necessary for support of her and her two children, to pay her sufficient of the principal for such purpose. On the daughter's death the remainder of her share was to be divided equally between her two children, and, if either of her children died before reaching 30 without issue, the share of such child was to be equally divided among the children of testator's son. *Held* that, the trust involving three distinct functions, viz., the division into two portions, paying over to testator's son and daughter the income of their shares, the paying over to testator's son and daughter the parts of the principal of their shares necessary for support of themselves and their families, and the function of the trust to divide the estate not being for the sole benefit of the trustees, and to determine what part of the estate would ultimately become the property of the children of testator's son and daughter, provided the daughter's children arrived at the age of 30 years, the trust as to the division of the estate was not invalid, under the rule that a trustee and a beneficiary must be distinct personalities, under which the same person cannot be trustee and beneficiary of the same interest, even if the provision as to paying over to testator's son and daughter the income of their respective shares during their lives be invalid under such rule.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 159.*]

2. Wills (§ 693*)—Construction of Trust—Power of Sale.

The will giving to the trustees a power of sale merely for the purpose of investing the proceeds of the estate, collecting the income thereof,

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and applying the proceeds as "hereinbefore directed," the surviving executrix and trustee had no authority to sell the residuary estate, for the purpose of dividing the proceeds into two equal parts, one part for her use and the other part for the children of testator's deceased son, the other executor and trustee.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 693.*]

3. WILLS (§ 627*)—CONSTRUCTION—ESTATE CREATED—TENANCY IN COMMON. The children of testator's son, upon such son's death, were tenants in common of the whole residuary real estate, each seised in fee simple of one undivided twelfth thereof, subject to the power of the surviving trustee to exercise the trust committed to her to divide the residuary real estate into two equal separate portions, and were not merely tenants in common as to one-half of such real estate, to be apportioned by the surviving trustee.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 627.*]

Action by Harriet E. Potter, individually and as sole surviving executrix and trustee under the will of Milo R. Eames, against Milo D. Eames and others, for construction of the will. Will construed.

Shire & Jellinek, for plaintiff.
Bushnell & Kent and James C. Beecher, for defendants.

BROWN, J. Milo R. Eames died February 28, 1899, leaving a last will and testament in and by which it was provided:

"Tenth. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, and wheresoever situated, to my executors hereinafter named and to the survivor of them, to have and to hold the same in trust for the uses and purposes hereinafter mentioned, namely:

"I direct that my said directors so soon after my death as they may deem expedient shall divide my said residuary estate as nearly as may be, into two equal separate parts or portions, being one part or portion for the use of each of my two children, Edward W. Eames and Harriet E. Potter.

"Eleventh. I direct my said executors to collect, receive and pay over to my said son, Edward W. Eames, for his own use and benefit the net income rents, issues and profits on one of such equal shares or portions during the term of his natural life; and in case it may be necessary for the comfortable support of my said son and his family, I direct my said executors to likewise pay over to my said son such part of the principal of such equal part or portion as may be necessary for such purpose.

"Upon the death of my son, I direct that the residue and remainder of the estate in his trust share, be divided into six separate equal parts or portions, one of which said equal six parts or portions, I devise and bequeath to his daughter, Harriet De E. Bushnell; one such sixth part to his daughter, Mary Alice E. Donaldson, one such sixth part to his son, Edward A. Eames; one such sixth part to his son, Milo D. Eames; one such sixth part to his daughter, Olive R. Eames, and the remaining sixth part to his son, Daniel D. Eames.

"Twelfth. I direct my said executors to collect, receive and pay over to my said daughter Harriet E. Potter for her own use and benefit, the net income, rents, issues and profits on the remaining separate equal part or portion, of my estate during the term of her natural life; and in case it may become necessary for the comfortable support of my said daughter and her two children now living, I direct my said executors to likewise pay over to her such part of the principal of such equal part or portion as may be necessary for such purpose.

"Upon the death of my said daughter, I direct that the residue and remainder of the estate in her trust share, be divided, into two separate equal parts or portions one of which said parts or portions I devise and bequeath

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to her son, George E. Potter, and the remaining part or portion to her daughter Anna Charlotte Potter, subject to the following terms and conditions."

It was then provided that, in the event of either or both George E. Potter or Anna C. Potter dying before attaining the age of 30 years without issue, the share of the one so dying should be equally divided between the said children of Edward W. Eames. The son, Edward W. Eames, and the daughter, Harriet E. Potter, or the survivor of them, were appointed executors and trustees of the will, empowered and authorized to sell and convey the whole or any part of the estate for the purpose of investing or reinvesting the proceeds of the same, for the purpose of collecting and receiving the income thereof and applying the proceeds thereof as above directed.

Edward W. Eames died September 16, 1909, leaving the plaintiff sole executor of the will, and leaving the six children named in the will as his sole heirs at law. George E. Potter, the son of the plaintiff, has attained the age of 30 years; Anna C. Potter, the daughter of the plaintiff, has not attained the age of 30 years. She is now 24 years of age.

The plaintiff seeks a construction of said will, to the end that it may be ascertained (a) whether or not the plaintiff has the power and authority to divide the residuary estate of Milo R. Eames into two equal separate parts, one part for the plaintiff's use, and the other part for the six children of Edward W. Eames. (b) Whether or not the plaintiff has the power to sell such residuary real estate, and divide the proceeds so as to enable her to provide two equal parts, one part to be held by plaintiff for her use, and one part to be divided between the children of Edward W. Eames. (c) Whether the children of Edward W. Eames are tenants in common of the whole residuary real estate, each seised in fee simple of one undivided twelfth thereof, or whether they are tenants in common as to one-half of such real estate, to be apportioned by the plaintiff as sole surviving trustee.

The defendants deny the power or authority of the plaintiff to divide such estate, or to make any such sale thereof, asserting that the trust is void, for the reason that it is a trust for the benefit and use of the trustees, invoking the rule that one person cannot be a trustee for his sole benefit.

The law undoubtedly is that the trustee and the beneficiary must be distinct personalities, or otherwise there could be no trust, and the merger of interests in the same person would produce a legal estate in him of the same duration as the beneficial interest designed. The same person cannot be at the same time trustee and beneficiary of the same identical interests. It is to be seen, however, that Edward W. Eames and Harriet E. Potter are not trustees and beneficiaries of the same identical interests. The trust, as created by the quoted portions of the will, has three separate and distinct functions: First, to divide the residuary estate into two equal separate parts or portions; second, to pay over to Edward W. Eames the income from one of these parts during his life, and to pay over to Harriet E. Potter the income from the other part during her life; and, third, to

pay over to Edward W. Eames such part of the principal as may be necessary for the comfortable support of Edward W. Eames and his family, and to pay over to Harriet E. Potter such part of the principal as may be necessary for the comfortable support of Harriet E. Potter and her two children, George E. Potter and Anna C. Potter.

The first function of the trust is to divide the estate, not for the sole benefit of the trustees, but in addition to such benefit to provide a fund for the support of the family of Edward W. Eames, if necessary; also for the purpose of determining what precise part of the entire estate shall ultimately become the property of the children of Edward W. Eames. Likewise the trust to divide is not for the sole benefit of Harriet E. Potter, but in addition thereto it is for the purpose of providing a fund for the support of George E. Potter and Anna C. Potter, if such support shall be necessary, and also for the purpose of determining what precise part of the estate shall ultimately become the property of the children of Harriet E. Potter, provided they each arrive at the age of 30 years. The second function of the trust is undoubtedly for the sole benefit of the trustees, for they as trustees are directed to pay to themselves for their own benefit the income from each part during their lifetime. It may be that this provision of the trust is void, for the reason that trustees are beneficiaries of the same identical interests. But the trust to divide is not void for that reason. Edward W. Eames, as joint trustee with Harriet E. Potter, has no beneficial interest in the part, after division, that is set aside for Harriet E. Potter. He is joint trustee with her in managing that part for the benefit of Harriet E. Potter, and for the purpose of providing for the support of her two children out of the principal, if necessary. Likewise for the same reason Harriet E. Potter, as joint trustee with Edward W. Eames, has no beneficial interest in the part set aside for Edward W. Eames and his family. It is thus seen that the trustees are not the beneficiaries of the same identical interests, and the trust to Edward W. Eames and Harriet E. Potter, and to the survivor of them, to divide the residuary estate into two equal separate parts, one part for the use of Edward W. Eames, etc., and one part for the use of Harriet E. Potter, etc., must be held to be valid. The power to divide the residuary estate is limited to a division into two equal parts. The trustees are not authorized to subdivide one of the parts into six parts for the children of Edward W. Eames, and the other into two parts for George E. Potter and Daniel C. Potter. The will provides that the one-half set apart for the use of Edward W. Eames upon his death shall be divided into six separate equal parts, which six parts the testator devises, one each, to the children of Edward W. Eames; the will being silent as to who shall make the division. The same condition exists as to the division of the one-half that shall be set apart for the use of Harriet E. Potter. Such being the situation as to the subdividing of each of the two parts, it necessarily follows that the manner of the division among the remaindermen can only be determined in an action at law, with which this court, in this action to construe this will, has no concern.

The more difficult question presented is as to the manner provided by the will in which this surviving trustee is to divide the residuary estate into two parts, and determine which of the two parts shall be the property of the children of Edward W. Eames, and which shall be for the use of Harriet E. Potter and her two children. If the trustees are authorized to sell the real estate for the purpose of dividing the proceeds into two equal parts, the problem could easily be solved. The power of sale is for the purpose of investing the proceeds, for the purpose of collecting the income thereof and applying the proceeds thereof as "hereinbefore directed." Such power is limited to a sale for the purpose of reinvestment, not for the purpose of dividing the estate among the remaindermen. The only sale directed whereby the proceeds of the sale can be used or consumed is that of providing out of the principal for the support of Edward W. Eames and his family and for the support of Harriet E. Potter and her two children, which power is only to be exercised in the event that the necessities for such support require recourse to the principal of the estate. The only purpose for which the power of sale could be exercised is that of dividing the proceeds among the parties to this action. Inasmuch as no power of sale is specifically provided in the will for any such purpose, a court of equity, called upon to construe the will, cannot presume such a power to exist. A power of sale for the purpose of applying the income from the proceeds thereof to the use of Edward W. Eames and Harriet E. Potter during their lives does not authorize a sale for the purpose of dividing the proceeds thereof among the children of Edward W. Eames and Harriet E. Potter, especially in view of the fact that the children of Edward W. Eames strenuously oppose the exercise of such not a power for such a purpose.

It is very evident that the testator did intend that there should be a sale of the residuary real estate to produce a fund to be equally divided, for the reason that his direction is to divide equally "as nearly as may be." If proceeds of sale were to be divided, no such words would have been used. In view of the absence of a power to sell, the surviving trustee is limited in the execution of the trust to actual partition of the various parcels of real estate; not to divide a single lot or building into two parts, but to separate from the total or aggregate of the farms, lots, and buildings one part that will be substantially one-half of the value of the total number of properties. It is not for the court to assume that unequal or unfair division would be made; neither is it to be assumed that two substantially equal separate parts, owing to different conditions as to value and situations of the various properties, cannot be made that would be satisfactory. If such a division should result, the wrong or error could speedily be corrected by appropriate proceedings to that end.

The conclusion is reached: That the plaintiff has the power and authority, as surviving trustee, to divide by proper conveyances the residuary estate of Milo R. Eames into two equal separate parts: One part for the plaintiff's use during her lifetime, and at her death to be disposed of as provided in the twelfth provision of the will of Milo R. Eames; one part to be conveyed to the six children of Edward

W. Eames as tenants in common. That the plaintiff has no power or authority to sell and convey such residuary estate for the purpose of dividing the proceeds into two equal parts; one part for her use, etc., and one part for the children of Edward W. Eames. That the children of Edward W. Eames are tenants in common of the whole residuary real estate, each seised in fee simple of one undivided twelfth thereof, subject to the power of the plaintiff, as surviving trustee, to exercise the trust committed to her to divide the residuary real estate into two equal separate portions.

Judgment is accordingly ordered, with costs to all parties payable out of the estate.